WALKER *v.* TROTT and another.

Where, on a dissolution of a partnership, it is consented that two of the part-
ners shall have charge of its properties and wind up the concern, their pos-
session is not to be lightly interfered with. There must be palpable breach
of contract or duty or act amounting to fraud or an endangerment of pro-
perty or rights of the withdrawing partner. The latter cannot intercept
their proceedings under mere apprehension of loss or because he may think
they have not acted discreetly or judiciously.

*April* 16,
1840.

*Partner-
ship.
Dissolu-
tion.
Injunction.
Receiver.*

THERE had been a partnership between the plaintiff and defendants, and then a dissolution with an agreement that the defendants were to remain in charge of the proper-ties and wind up the business. A motion was now made for an injunction and receiver, on the ground of alleged wrongful acts, as for instance, because the defendants had carried on their own business on the old premises; had not charged themselves with rent; had not manufactured a certain article, but sold it in the market at a loss; dilatori-ness in settling the debts; had used money of the firm to pay rent for themselves; had made improvements and re-pairs for their own benefit; and that they had advertised the old establishment and would buy it in themselves.

Mr. *John W. Edmonds,* in support of the motion.

Mr. *Kimball,* contra.

THE VICE-CHANCELLOR :—The agreement entered into on the first of November, one thousand eight hundred and thirty-nine, on the dissolution of the partnership, that the defendants were to have charge of the partnership property and to go on and wind up the partnership concern, is not to be interfered with on slight grounds. There must be some palpable breach of contract or of duty or some misconduct amounting to fraud or such as will endanger the property and the rights of the partner who has withdrawn in order to justify this court's interference by injunction and recei-ver: Collyer, 196, 197. The various allegations in this bill

against the defendants are fully met and explained, and I am at a loss to perceive any sufficient ground of misconduct or bad faith or breach of duty on the part of the defendants within the principle laid down for depriving the defendants of the power of going on as they are doing to bring the business of the late partnership to a close. Of course the defendants will be held to account for all the property and the manner of disposing of it; and if any improper or erroneous sale or disposition is made, the complainant will have an opportunity of claiming remuneration from them for any loss or sacrifice of his interests. But it does not follow that the complainant has a right to intercept their proceeding under a mere apprehension of such loss or because he may think the defendants have not acted discreetly or judiciously in some particulars. The motion is denied; but costs may abide the event of the suit.